UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>            Petitioner,<br><br>      v.<br><br>CORCORAN STATE PRISON,<br><br>            Respondent. | Case No.: 1:13-cv-01758-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding through retained counsel pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on October 23, 2013. (Doc. 1).

**PROCEDURAL HISTORY**

A. <u>Procedural Grounds for Summary Dismissal.</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

  B. <u>Insufficient Information And Failure To State A Cognizable Habeas Claim</u>.

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his first claim for that claim to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge **and shall set forth in summary form the facts supporting each of the grounds thus specified**."

Rule 2(c), Rules Governing Section 2254 Cases (emphasis supplied).  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

In his first claim, Petitioner alleges that none of the crimes or enhancements for which he was convicted, were proven by sufficient evidence.  (Doc. 1, p. 5).  Petitioner then goes on to reference an "unduly suggestive" photo identification procedure, "tainted" paperwork, and withholding of material evidence favorable to Petitioner.  First, Petitioner must list each constitutional violation complained of in a separate claim within the petition.  Making multiple generalized claims within a single claim places the Court in the untenable position of having to dig through the entire record to determine whether claims should be joined or addressed separately.  That is Petitioner's job; not the Court's.

Second, Petitioner must allege specific facts supporting each claim.  Petitioner cannot simply lump all of his claims in one catch-all category, omit all of the specific details about each claim, and then expect this Court to sort everything out for Petitioner.  To the contrary, it is Petitioner's responsibility and duty to properly plead a cognizable habeas claim.  If Petitioner chooses to file an amended petition, each claim should be listed separately, *accompanied by specific factual allegations that are of sufficient detail for the Court and Respondent to properly address their legal merits*.  The Court will not guess at the factual basis for Petitioner's claims.

Accordingly, Petitioner must submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with adequate supporting factual allegations, in order for this case to proceed.

### C. Ground Two Is Not A Cognizable Federal Habeas Claim

Ground Two seeks to allege a "mass tort" against personnel at the Kern County Jail wherein jail staff allegedly opened outgoing mail, withheld incoming mail, imposed illegal searches on inmates, and generally harassed Petitioner during his incarceration. (Doc. 1, p. 7). Petitioner frames this claim as a civil rights action. Such a claim is not cognizable under federal habeas law.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Ground Two challenges the conditions of Petitioner's confinement in the Kern County Jail. It does not challenge the fact or duration of his confinement there. Accordingly, while it may state a claim pursuant to 42 U.S.C. § 1983, it does not state a cognizable federal habeas claim. If Petitioner includes such "conditions of confinement" claims in his amended petition, the Court will have no alternatively but to dismiss those claims since the petition confers on the Court only habeas jurisdiction, not civil rights jurisdiction. If Petitioner wishes to pursue civil rights claims against state agencies, he must do so by filing a civil rights complaint in the appropriate forum; he may not pursue these claims by way of a federal habeas corpus petition.

D. <u>Failure to Name A Proper Respondent</u>.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

Here, Petitioner has named as Respondent the Corcoran State Prison. However, the Corcoran State Prison is not the *warden or chief officer* of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the California State Prison, Corcoran, California. The current director or warden of that facility, Connie Gipson, is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). In any amended petition, Petitioner must name a proper respondent.

For all of the foregoing reasons, the instant petition in deficient. Petitioner will be required to file an amended petition that complies with the requirements set forth in this order in order for the Court to proceed with the case.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a FIRST

AMENDED PETITION that is in compliance with this Order.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 14, 2013**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE