UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE MOLINA HUBBARD,<br><br>   Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>   Respondent. | Case No.: 1:13-cv-01758-JLT<br><br>ORDER REQUIRING PETITIONER TO AMEND PETITION TO NAME PROPER RESPONDENT<br><br>THIRTY DAY DEADLINE |

  Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the original petition on October 23, 2013, naming Corcoran State Prison as Respondent.  (Doc. 1).  On November 14, 2013, the Court issued an order requiring Petitioner to file an amended petition that, inter alia, named the correct Respondent, i.e., the present warden of his facility—Connie Gipson.  (Doc. 7).  On December 6, 2013, Petitioner filed his first amended petition, naming the "State of California" as Respondent. (Doc. 9)

## PROCEDURAL HISTORY

A. Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,
3  or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed
4  without leave to amend unless it appears that no tenable claim for relief can be pleaded were such
5  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
6        B.   Failure to Name A Proper Respondent.
7        A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer
8  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254
9  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme
10 Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated
11 petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has
12 "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.
13 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the
14 chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21
15 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or
16 parole officer and the official in charge of the parole or probation agency or state correctional agency.
17 Id.
18        Here, Petitioner has named as Respondent "the State of California."   However, "the State of
19 California" is not the warden or chief officer of the institution where Petitioner is confined and, thus,
20 does not have day-to-day control over Petitioner.  Petitioner is presently confined at the California
21 State Prison, Corcoran, California.  The current director or warden of that facility is **Connie Gipson**.
22 This is the person Petitioner should name as Respondent.
23        *Petitioner's failure to name a proper respondent requires dismissal of his amended habeas*
24 *petition for lack of jurisdiction*.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d
25 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
26 Cir. 1976).  **However, the Court will give Petitioner the opportunity to cure this defect by**
27 **amending the petition to name a proper respondent, e.g., the warden of his facility**.  See West v.
28 Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th

Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

**In the interests of judicial economy, Petitioner *need not* file a second amended petition. Instead, Petitioner can satisfy this deficiency in his first amended petition by filing a motion entitled "Motion to Amend the First Amended Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a Motion to Amend the First Amended Petition to Name a Proper Respondent.

<u>**Petitioner is forewarned that his failure to comply with this Order will result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110, for lack of habeas jurisdiction.**</u>

IT IS SO ORDERED.

Dated:   **February 21, 2014**          /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE