UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>  Petitioner,<br><br>  v.<br><br>CORCORAN STATE PRISON,<br><br>  Respondent. | Case No.: 1:13-cv-01758-JLT<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND THE PETITION TO NAME THE PEOPLE OF KERN COUNTY AS PROPER RESPONDENT (Doc. 14)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION<br><br>THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on October 23, 2013. (Doc. 1). Petitioner filed his written consent to the jurisdiction of the Magistrate Judge on November 14, 2013. (Doc. 8).

**PROCEDURAL HISTORY**

On November 14, 2013, after conducting a preliminary screening of the petition, the Court ordered Petitioner to file an amended petition that, inter alia, named the proper respondent. (Doc. 7). The Court indicated that the proper respondent was the person who had day-to-day control over Petitioner. In Petitioner's case, that is the warden of his present place of confinement, Connie Gipson. Petitioner filed an amended petition, but did not name Connie Gipson as respondent. (Doc. 9).

In an attempt to give Petitioner, a layman, some latitude in these proceedings, the Court issued an order on February 21, 2014 that again required Petitioner to name Ms. Gipson as the proper respondent. (Doc. 11). On March 3, 2014, Petitioner filed a motion to amend that contained almost three hundred pages of documents, only one of which related to the suggested amendment. (Doc. 14). In his motion to amend, Petitioner named the "People of Kern County" as respondent, not Ms. Gipson.

## DISCUSSION

The Court has twice before advised Petitioner of the correct way to proceed. Petitioner has, on both occasions, ignored the Court's advice. Accordingly, the Court will deny the motion to amend the petition to name the People of Kern County as respondent and will issue this Order to Show Cause why the petition should not be dismissed for lack of jurisdiction. As has been explained to Petitioner on two prior occasions, ***if the named respondent is not the individual who has day-to-day control over Petitioner, the Court has no legal authority to grant habeas relief to Petitioner***.

Petitioner can respond in one of three ways. First, Petitioner can ignore the Court's requests regarding naming the proper respondent, in which case the Court *will* dismiss this petition. Second, Petitioner can continue to name an improper respondent, in which case the Court *will* dismiss the petition. Third, Petitioner can file a short motion requesting to substitute the name of Connie Gipson for that of the current respondent, in which case the petition will be allowed to proceed. The choice is up to Petitioner.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's motion to amend the caption to name the People of Kern County as respondent (Doc. 14), is **DENIED**.

## ORDER TO SHOW CAUSE

According, the Court HEREBY ORDERS Petitioner to SHOW CAUSE why the petition should not be dismissed for lack of jurisdiction over the parties. Petitioner is granted thirty days within which to file a response.

///

///

///

2

**Petitioner's failure to comply with the Court's order will result in an order dismissing this petition**.

IT IS SO ORDERED.

Dated: **March 5, 2014**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE