UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>      Petitioner,<br><br>  v.<br><br>CONNIE GIPSON,<br><br>      Respondent. | Case No.: 1:13-cv-01758-LJO-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND (Doc. 21)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 20)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on October 23, 2013. (Doc. 1)("the original petition"). On November 14, 2013, the Court ordered Respondent to file a response. (Doc. 7). On December 6, 2014, before Respondent filed his response, Petitioner filed a first amended petition raising four claims: (1) use of a tainted photographic lineup; (2) admission of unreliable evidence from witness, Christina Silva; (3) ineffective assistance of counsel in representing Petitioner based on multiple reasons; and (4) an omnibus claim of prosecutorial misconduct on various grounds. (Doc. 9)("FAP").

On April 21, 2014, Respondent filed the instant motion to dismiss the petition for lack of

exhaustion as to claims three and four. (Doc. 20).[1] On April 23, 2014, the Court became aware that Petitioner had, on April 11, 2014, filed yet another habeas petition in this Court in case number 1:14-cv-00509-LJO-SAB ("14-509"). As required by Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008), the Court was obligated to treat this not as a new or successive petition but as a motion to amend the pleadings. (Doc. 21). By order dated April 23, 2014, the Court directed the Clerk of the Court to docket the petition in case number 14-509 as a motion to amend in this case. (Doc. 22). On May 2, 2014, Petitioner filed a document entitled "Traverse," which the Court construes to be an opposition to the motion to dismiss. (Doc. 24). In this Order, the Court will grant the motion to amend the claims to include the claims raised in case no. 14-509 ("the subsequent petition") and, in the following discussion, will then examine whether all operative claims in the first amended petition and in the subsequent petition have been fully exhausted in state court.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition, contending that it contains unexhausted claims. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use

---

[1] For reasons not readily apparent, Respondent's motion to dismiss is directed toward the original petition (Doc. 1), rather than the **first amended petition**. However, because Respondent has raised exhaustion as an affirmative defense, the Court will examine the operative pleadings in order to determine if all of Petitioner's claims have been exhausted.

Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never presented his claims to the California Supreme Court.  Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.  O'Bremski, 915 F.2d at 420.

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state and gives the state the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Because the instant case now involves two petitions with numerous claims and sub-claims, the Court will review each claim in detail to determine whether it has been exhausted. The FAP, as mentioned, contains the following claims: (1) unconstitutional photo lineup; (2) admission of inadmissible evidence, i.e., the testimony of Christina Silva; (3) ineffective assistance of trial and appellate counsel (i.e., permitting inadmissible evidence (Silva); permitting tainted jury instructions; conducting a poor investigation for the defense; permitting an unqualified judge to preside at trial and sentencing; failing to call an eyewitness for the defense; and failure to provide discovery; and (4) prosecutorial misconduct (i.e., proffering inadmissible evidence (Silva); nondisclosure of "inducements" to witnesses, judges, and lawyers; instigating harassment by law enforcement and prison staff against Petitioner; permitting an improper sentence; and discrimination in prosecuting a gang member. (Doc. 9).

In the subsequent petition, which has been construed as a motion to amend the original petition, Petitioner makes the following claims: (1) ineffective assistance of trial counsel (unspecified grounds and reference to a <u>Marsden</u> motion to substitute counsel); (2) unconstitutional photo lineup; (3) ineffective assistance of trial counsel (i.e., failure to disqualify an unqualified judge; failure to challenge improper jury instructions; and failure to qualify a valid and lawful jury). (Doc. 21).

Here, Respondent has lodged documents with the Court establishing that the claims related to an unconstitutional photo lineup and to the admission of inadmissible evidence vis-à-vis Christina Silva (grounds one and two in the FAP and ground two in the subsequent petition), were exhausted in the petition for review filed in the California Supreme Court.  Additionally, in his habeas corpus petition filed in the California Supreme Court, Petitioner exhausted claims one and two in the FAP, as well as several claims not raised in either petition.  Petitioner's state habeas petition also exhausted certain claims of prosecutorial misconduct, i.e., conflict of interest, retaliating against Petitioner, coercing a key witness, admitting tainted evidence, improper use of Petitioner's disciplinary history, and sentencing errors.[2]

However, Respondent correctly points out that in neither the state habeas proceedings nor the petition for review did Petitioner present any claim of ineffective assistance of trial or appellate counsel, nor did he present a claim of prosecutorial misconduct as it relates to the nondisclosure of "inducements" and permitting harassment of Petitioner by law enforcement officers and prison staff. Thus, ground three in the FAP and grounds one and three in the subsequent petition, all of which relate to ineffective assistance of counsel, are unexhausted.  Moreover, those portions of ground four in the FAP relating to prosecutorial misconduct vis-à-vis harassment by law enforcement and nondisclosure of inducements have never been presented to the California Supreme Court and are therefore unexhausted.

---

[2] Additionally, Petitioner's state habeas petition raises the following issues: (1) improper jury instructions; (2) unqualified judge; and (3) failure to "redact" the verdict.  However, these claims were raised as independent claims, and not as part of a claim of either ineffective assistance of counsel or prosecutorial misconduct, as they were in the FAP.  Accordingly, since they are not raised in the FAP or the subsequent petition as free-standing claims independent of an ineffective assistance claim or a prosecutorial misconduct claim, the fact that they were fully exhausted in state court is irrelevant to this Court's exhaustion analysis.

Because Petitioner has not presented the aforementioned claims for ineffective assistance of counsel and prosecutorial misconduct to the California Supreme Court, the current "combined" petition is a mixed petition that must be dismissed.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.  However, in lieu of outright dismissal, the Court will also recommend that Petitioner be given thirty days after the District Judge adopts these Findings and Recommendations within which to withdraw the unexhausted claims, as well as any portions of claims that are unexhausted, in order to proceed on the merits of those claims that are fully exhausted.

      C.  Motion to Amend.

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998);  Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).

Here, as mentioned, Petitioner had already filed a first amended petition on December 6, 2013. Accordingly, pursuant to Rule 15(a), any further amendments would be permitted only at the discretion of the Court.  Since the Ninth Circuit has held that when a petitioner files a second petition, the Court is to construe that filing as a motion to amend the earlier petition, this Court has construed the petition filed in case no. 14-509 as a motion to amend the first amended petition in this case.  Woods v. Carey, 525 F.3d at 888-890.

In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case).  Although the convoluted procedural history of this case evidences some lack of legal expertise on the part of Petitioner, it does not suggest any bad faith.  Moreover, the subsequent petition was actually filed, pursuant to the "mailbox rule," before the instant motion to dismiss.  Thus,

permitting the amendment did not result in any additional delay in these proceedings. Since Respondent's motion to dismiss is erroneously addressed to the now-inoperative original petition rather than the operative first amended petition, the Court does not find that permitting the claims in the subsequent petition, which more or less repeat claims raised in the FAP, would result in any prejudice to Respondent. Finally, the fact that two of the three claims in the subsequent petition are unexhausted while the remaining claim mirrors a claim in the FAP, makes the claims therein redundant but does not make the amendment futile. Accordingly, the Court will grant the motion to amend the first amended petition with the claims contained in the subsequent petition. Bonin v. Calderon, 59 F.3d at 844-45.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's motion to amend the first amended petition with the claims contained in the petition originally filed in case no. 14-509 (Doc. 21), is GRANTED.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS:

1. That the motion to dismiss (Doc. 20), be GRANTED and the habeas corpus petition be DISMISSED for lack of exhaustion;

2. That Petitioner be granted 30 days within which to withdraw any unexhausted claims or unexhausted portions of claims in order to proceed to the merits of claims that are fully exhausted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**January 20, 2015**__              _____/s/ Jennifer L. Thurston__
                                        UNITED STATES MAGISTRATE JUDGE