**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZANE HUBBARD,<br><br>      Petitioner,<br><br>    v.<br><br>CONNIE GIPSON,<br><br>      Respondent. | Case No.: 1:13-cv-01758-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR TRIAL (Doc. 48)<br><br>ORDER DISREGARDING AS MOOT PETITIONER'S MOTION TO CORRECT INFORMATION IN LODGING OF DOCUMENTS (Doc. 45) |

      The petitioner filed this action on October 23, 2013. (Doc. 1). On September 2, 2015, Respondent filed the Answer. (Doc. 41). Soon thereafter, Respondent filed a Notice of Lodging Documents in Paper. (Doc. 44). On October 26, 2015, Petitioner filed the instant motion to correct the Notice of Lodging Documents, citing various errors and omissions in the document filed by Respondent. (Doc. 45). On November 2, 2015, Respondent filed a Supplemental Notice of Lodging Documents in Paper, correcting the previous errors and providing additional documents omitted in the original. (Doc. 47). Petitioner filed no further objections. Accordingly, the issue appears to be moot and the motion will be disregarded.

      On August 12, 2016, while the case is awaiting a decision on the merits, Petitioner filed the instant motion requesting a trial. (Doc. 48). No provision exists in federal habeas law for the Court to conduct a "trial." Routinely, the issues are disposed on the merits based upon the documents in the

1  Court's file and the record of lodged documents.  This is so because, under the Anti-Terrorism and
2  Effective Death Penalty Act, which governs federal habeas proceedings for state prisoners, there are
3  no facts to be determined by the Court and the only issue is whether the state court adjudication is
4  contrary to or an unreasonable application of clearly established federal law, as determined by the
5  United States Supreme Court, or that "was based on an unreasonable determination of the facts in light
6  of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Lockyer v. Andrade,
7  538 U.S. 63, 70-71 (2003).  Because these are legal standards that require no fact-finding, no trial is
8  warranted or permitted.

9  However, liberally construing Petitioner's request as one for an evidentiary hearing, the Court
10 must also deny that request.  Rule 8(a) of the Rules Governing Section 2254 Cases provides that where
11 a petition is not dismissed at a previous stage in the proceeding, the Court, *after* the answer and
12 transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings,
13 determine whether an evidentiary hearing is required.  The purpose of an evidentiary hearing is to
14 resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear
15 from the petition that: (1) the allegations, if established, would entitle the petitioner to relief;  and (2)
16 the state court trier of fact has not reliably found the relevant facts.  See Hendricks v. Vasquez, 974
17 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact,
18 Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504
19 U.S. 1 (1993)), such a hearing is unnecessary when, as here, only issues of law are raised. Id.

20 Moreover, in Cullen v. Pinholster, 563 U.S. 170 (2011), the United States Supreme Court held
21 that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated
22 the prisoner's claim on the merits.  The Court held that the provision's "backward-looking language
23 requires an examination of the state-court decision at the time it was made."  Id., at 181-182.  Thus, §
24 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure
25 state-court decisions "against this Court's precedents *as of 'the time the state court renders its*
26 *decision*.'" Id. at 182 (*quoting* Lockyer v. Andrade, 538 U.S. at 71-72 (emphasis in original).

27 Although the Supreme Court stopped short of deciding whether a District Court could ever
28 conduct an evidentiary hearing unless it had previously determined that § 2254(d) had not been

2

satisfied, it is quite clear from the high court's decision that holding an evidentiary hearing to find facts never previously presented to the state court would be an extremely rare occurrence and that the AEDPA's statutory scheme is designed to discourage such hearings. Id. at 186. Petitioner has made no showing that this case is that rare occurrence. Indeed, his request for a "trial" contains no arguments or reasons whatsoever in support thereof. Accordingly, the Court will deny Petitioner's motion for a "trial."

## ORDER

For the foregoing reasons, the Court **ORDERS**:

1. Petitioner's motion for correction of the Notice of Lodging Documents (Doc. 45) is **DISREGARDED** as **MOOT**.

2. Petitioner's motion for trial (Doc. 48), is **DENIED**.

IT IS SO ORDERED.

Dated: **August 17, 2016**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE